IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY EARL STALLWORTH,
    Plaintiff,

v.                                                      Case No. 3:11cv178/MCR/CJK

AMERICAN FAMILY LIFE ASSURANCE
 COMPANY OF COLUMBUS, et al.,
    Defendants.
_____

ORDER and
AMENDED REPORT AND RECOMMENDATION

      On April 19, 2011, the undersigned issued an Order and Report and Recommendation granting plaintiff's motion to proceed *in forma pauperis* and recommending that this civil rights action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. (Doc. 3). This Amended Report and Recommendation is submitted following plaintiff's filing of an amended complaint. (Doc. 4).

      Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed

by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff's original complaint, filed *pro se* under 42 U.S.C. § 1983, named two defendants: American Family Life Assurance Company of Columbus, Georgia ("AFLAC") and Ann Braswell, an AFLAC employee. (Doc. 1, pp. 1-2). Plaintiff claimed the defendants violated his rights to due process and equal protection under the Fourteenth Amendment "by taking my money and refusing to pay the claim." (*Id.*, p. 4). As relief, plaintiff sought unspecified damages. (*Id.*). The undersigned recommended dismissal of the complaint for failure to state a claim, because even liberally construing plaintiff's allegations they did not remotely suggest the kind of "state action" required to hold private parties liable under § 1983. (Doc. 3).

Within the time for filing an objection to the Report and Recommendation, plaintiff filed an amended complaint. (Doc. 4). Plaintiff submitted his amended complaint on the court form for use by prisoners asserting claims under 42 U.S.C. § 1983, even though plaintiff is not incarcerated. His amended complaint names four defendants: AFLAC; Ms. Braswell; Paul Amos, AFLAC's president; and Keisha Weeks, an employee in AFLAC's compliance department. (*Id*., pp. 1-2). Again, plaintiff claims the defendants breached their insurance contract with him. (*Id*., pp. 5-6). In the "Statement of Claims" section of the complaint form where plaintiff is directed to state what legal rights he believes have been violated, plaintiff states, "Each person have a right to property." (*Id*., p. 7). As relief, he seeks: "$12,000 payment of the claim." (*Id*.).

To the extent plaintiff's amended complaint may be construed as asserting a § 1983 due process claim based on an alleged constitutionally protected property interest in the insurance contract, plaintiff's claims must be dismissed. As discussed in the original Report and Recommendation, in order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id*. at 1303. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) (internal

quotations omitted).  Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).  In the instant case, even liberally construing plaintiff's allegations, they do not remotely suggest the kind of action that would subject these private party defendants to § 1983 liability as "state actors."

Furthermore, the constitutional right to due process reaches only government action. *Jeffries v. Ga. Residential Fin. Auth.,* 678 F.2d 919, 922 (11th Cir. 1982) ("It is well settled that the fourteenth amendment proscription against deprivations of property without due process of law reaches only government action and does not inhibit the conduct of purely private persons in their ordinary activities." (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 95 S.Ct. 449, 452, 42 L.Ed.2d 477 (1974)).  Again, liberally construing the allegations of the amended complaint, the defendants' actions cannot remotely be deemed "state action."  Therefore, plaintiff's due process claims must be dismissed.

Because the facts as pleaded fail to state a claim to relief under federal law that is plausible on its face, plaintiff's federal claims must be dismissed.

To the extent plaintiff's *pro se* amended complaint may be liberally construed as raising breach of contract claims under state law, the court lacks jurisdiction over this action, as plaintiff fails to establish the requirements for diversity jurisdiction, or any other basis for this court's jurisdiction. *See* 28 U.S.C. § 1332. Although a district court may, in its discretion, exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the undersigned recommends that the court decline to exercise such jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is ORDERED:

1. The original Report and Recommendation issued on April 19, 2011 (doc. 3) is VACATED, and this Amended Report and Recommendation replaces the former in full.

2. The Order (doc. 3) granting plaintiff's motion to proceed *in forma pauperis* REMAINS IN FULL FORCE AND EFFECT.

And it is respectfully RECOMMENDED:

1. That this action be DISMISSED as follows:

   a. Plaintiff's federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii).

   b. Plaintiff state law claims be DISMISSED WITHOUT PREJUDICE to plaintiff filing them in the appropriate state court.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of May, 2011.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).